### HENRY ROSS *v.* THE STATE.

CHARGE OF THE COURT. — If, in a trial for a misdemeanor, the inculpatory evidence be exclusively circumstantial, and an appropriate instruction on that species of proof be asked, the refusal of it is error. If the trial be for a felony, such an instruction must be given; whether asked or not.

APPEAL from the County Court of Smith. Tried below before the Hon. J. M. LOGAN, County Judge.

The conviction was for theft of a plough, alleged to be worth $8. The punishment was assessed at two months' imprisonment in the county jail and a fine of $50.

*C. E. Wood,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J. On the trial below, counsel for the defendant requested the presiding judge to give to the jury an instruction as to the nature and character of circumstantial evidence, and the conclusions to which it must tend in order to warrant a conviction upon it. This request was refused, and to the action of the court a bill of exceptions was reserved. This was error, for which the judgment must

be reversed. It is a part of the law of every case where a conviction is dependent solely upon circumstantial evidence, that the jury trying it shall be properly informed as to the nature and character of the testimony in order to a conviction upon it. In the application of this rule this distinction must be observed : if the case on trial be a misdemeanor (as is the present case), a failure to give the proper instruction will not be cause of reversal unless the instruction be requested on the trial, whilst in cases of felony the omission would be fatal to a conviction whether the charge was asked or not. In criminal actions for misdemeanor, the court is not required to charge the jury except at the request of counsel on either side, but, when so requested, shall give or refuse such charges, with or without modification, as are asked, in writing. Code Cr. Proc., art. 681 ; *Hobbs* v. *The State*, 7 Texas Ct. App. 117. In cases of felony it is the duty of the judge " to deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case." Code Cr. Proc., art. 677.

" When the inculpatory evidence is purely circumstantial, the charge to the jury must expound the nature and cogency of that character of proof." *Struckman* v. *The State*, 7 Texas Ct. App. 581. The omission is not cured by a charge on reasonable doubt. *Hunt* v. *The State*, 7 Texas Ct. App. 212, and authorities there cited. It is only when the inculpatory evidence is exclusively circumstantial that a charge on that species of proof is necessary. *Hardin* v. *The State*, 8 Texas Ct. App. 653. No particular formula is prescribed for a charge on circumstantial evidence. Instructions on this or any other subject are sufficient if the law is correctly stated and expressed in language which will be readily comprehended by the jury. *Rye* v. *The State*, 8 Texas Ct. App. 153 ; *Simms* v. *The State*, 8 Texas Ct. App. 230.

Because of error of the court in refusing to give to the jury an appropriate instruction on circumstantial evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*